UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
CRUSHAUN HUNDLEY,

          Plaintiff,                  <u>PLAINTIFF'S MOTIONS IN LIMINE</u>

     -against-                       20-cv-6150 CJS

CORRECTION OFFICER A. FRUNZI,
et al.,

          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Plaintiff seeks an order precluding defendants from offering into evidence or referencing in any other manner at trial the following:  1) Plaintiff's criminal convictions; 2) Plaintiff's disciplinary history while in DOCCS custody; 3) Defendants' military records; and 4) Defendants' purported entitlement to the defense of "qualified immunity."

1.     <u>Reference to Criminal Convictions</u>

          *Plaintiff's 2012 Convictions*

In 2012, plaintiff was convicted of Robbery in the 3rd Degree, Criminal Possession of a Weapon in the 3rd Degree, and Aggravated Harassment by an Inmate on an Employee, and he served a term of imprisonment of eight years.  While plaintiff does not oppose evidence that he was convicted of felonies in 2012 and served an eight-year term of imprisonment, he does oppose any evidence as to the nature of the crimes of which he was convicted.

First, none of these crimes evidences plaintiff's character for truthfulness, and therefore would not be admissible under Fed. R. Evid. 609(a).  Second, Fed. R. Evid. 404(b)(1) prohibits evidence of a crime "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Here, where defendants assert that they used force against plaintiff on December 20, 2017 because he disobeyed an order from an officer,

attempted to assault an officer, and reached for a weapon, evidence that plaintiff previously had been convicted of a violent crime, weapons possession, and harassing an employee undoubtedly would be used to attempt to persuade the jury that on December 20, 2017, plaintiff acted in accordance with that prior behavior.  Third, even were there any arguable relevance to evidence of the nature of these crimes, the probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury, and therefore should be excluded under Fed. R. Evid. 403.

*Plaintiff's 2003 Conviction*

In 2003, plaintiff was convicted of Attempted Robbery in the 2nd Degree, and he served a term of imprisonment of five years.  Pursuant to Fed. R. Evid. 609(b), evidence of that conviction should not be admitted.  FRCP Rule 609(b) provides, in pertinent part, as follows:

**b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:

(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and

(2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Here, since more than 14 years have passed since plaintiff was released from confinement for his 2003 conviction, and the probative value, if any, of this 19-year-old conviction does not substantially outweigh the prejudicial effect that would result from the jury learning of that prior conviction, evidence of that conviction should be excluded.

2.    Plaintiff's Disciplinary History

During discovery, defendants furnished plaintiff with a printout of his "Inmate Disciplinary History," which documented that plaintiff had been found guilty of disciplinary

2

infractions on 23 occasions during the incarceration for his 2012 convictions.  A copy of the printout is annexed hereto as <u>Exhibit 1</u>.  The charges of which plaintiff was found guilty include weapon possession, threats, disobeying a direct order, creating a disturbance, violent conduct, assault on staff, and many lesser offenses, including littering, loss or damage to property, soliciting, being in an unauthorized location, and "gangs."

None of these charges relate to plaintiffs' character for truthfulness or untruthfulness.  However, defendants presumably will attempt to offer evidence of these prior charges to demonstrate that on December 20, 2017, plaintiff acted in accordance with his prior documented behavior.  The Court should prohibit this attempt under Fed. R. Evid. 404(b)(1) and Fed. R. Evid. 403.  *See Hynes v. Coughlin*, 79 F.3d 285 (2d Cir. 1996) (holding that it was error to allow the introduction of plaintiff's prison disciplinary record because the evidence was used to show plaintiff's character, which was prohibited by the Federal Rules of Evidence).

3.     <u>Defendants' Military Records</u>

At his deposition, defendant Sgt. Thomas Mallare testified that he previously was in the Air Force reserves, having retired from the military on December 31, 2013.  He further testified that he was activated in the reserves following 911, and thereafter was stationed as part of a security force in Uzbekistan, Afghanistan, and Iraq.  Annexed hereto as <u>Exhibit 2</u> are pages from the transcript of Mallare's deposition wherein he references his military record.

Mallare and the other defendants should be precluded from testifying or offering any other evidence of their prior military service or any commendations they received while in the military.  The purpose of presenting such testimony would be to convince the jury that these officers are heroes who put their lives on the line to protect the citizenry, and, as a result, should be viewed as more trustworthy.  However, this constitutes impermissible propensity evidence as

3

per Fed. R. Evid. 404(b).  Moreover, any arguable probative value of such evidence would be substantially outweighed by the danger of unfair prejudice to plaintiff.  *See United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1989) (affirming lower courts' order rejecting defendant's offer into evidence of commendations received by him in military service);

4.   Reference to "Qualified Immunity"

 Defendants have signaled that they intend to pursue an affirmative defense of "qualified immunity."  Defendants should be precluded from asserting that defense or from otherwise referencing the concept of "qualified immunity" during the trial, as such a defense is not available to a defendant charged with a use of excessive force in violation of the Eighth Amendment.

In a lawsuit alleging excessive force in violation of the Eighth Amendment's prohibition against cruel and unusual punishment, the inquiry turns on whether the force was applied "maliciously and sadistically," rather than as part of "a good-faith effort to maintain or restore discipline." *Wilkins v. Gaddy*, 559 U.S. 34, 40 (2010). Here, if the jury concludes that one or more of the officers violated plaintiff's Eighth Amendment rights in connection with the use-of-force incident, the jury necessarily will have found that the officer(s) acted "maliciously and sadistically," which, by definition, will preclude a defense of qualified immunity. *See Aczel v. Labonia*, 584 F.3d 52, 57 (2d Cir. 2009) ("By definition, one who acts 'maliciously' does not reasonably believe he is 'acting in good faith.'").

Indeed, in the context of Eighth Amendment claims of excessive force against prisoners, district courts in this Circuit routinely have concluded that qualified immunity is, as a matter of law, not an available defense. *See Ismael v. Charles*, No. 18-cv-3957-GHW, 2020 U.S. Dist. LEXIS 124292, at *26 (S.D.N.Y. July 15, 2020) (noting that evidence that officers acted

4

maliciously and sadistically "is enough to preclude the officers' qualified immunity defense");
*see also, e.g.*, *Zimmerman v. Pautz*, No. 12-CV-00763A(F), 2020 U.S. Dist. LEXIS 97763, at
*68-69 (W.D.N.Y. June 2, 2020) ("A finding that the injury was purposefully inflicted would
support that Defendants are not to be entitled to qualified immunity because it was well-
established prior to November 10, 2010, that prison inmates were not to be subjected to
excessive force." (citation omitted)); *Castro v. City of New York*, No. 16-CV-8147 (RA), 2020
U.S. Dist. LEXIS 215567, at *38 (S.D.N.Y. Nov. 18, 2020) ("Accepting Plaintiff's version of
events—that one of the Defendants deliberately punched him with the intent to cause harm—
would likely preclude a finding that Plaintiff's rights were not clearly established at the time of
the violation, or that it was objectively reasonable for [the officers] to believe the conduct at
issue was lawful.").

As to plaintiff's claims against Nurse Pottinger arising from her "deliberate indifference"
to plaintiff's serious medical needs, it does not appear that the Second Circuit has yet ruled on
whether the defense of qualified immunity would be available in that context.  However, those
Circuit Courts that have addressed the issue have concluded that "deliberate indifference" and
"qualified immunity" are mutually exclusive.  *See Beers Capitol v Whetzel*, 256 F.3d 120, 142
n.15 (3d Cir. 2001) ("because deliberate indifference under Farmer requires actual knowledge or
awareness on the part of the defendant, a defendant cannot have qualified immunity if she was
deliberately indifferent."); *Albers v. Whitley*, 743 F.2d 1372, 1376 (9th Cir. 1984) ("A finding of
deliberate indifference is inconsistent with a finding of good faith or qualified immunity. The
two findings are mutually exclusive."); *Rish v. Johnson*, 131 F.3d 1092, 1098 n.6 (4th Cir. 1997)
("Several courts of appeals have acknowledged a special problem inherent in applying an
objective qualified immunity standard in the context of an Eighth Amendment claim that is

satisfied only by a showing of deliberate indifference. These courts have held that when

forecasted evidence is adequate to raise a genuine issue of fact concerning a prison official's

unreasonable response to actual knowledge of a substantial risk of harm, the qualified immunity

inquiry drops from the case.") (citing 6th, 7th, and 9th Circuit cases). In short, any finding by the

jury that Pottinger acted with the requisite state of mind to satisfy the "deliberate indifference"

standard under the Eighth Amendment would be antithetical to a finding that this defendant also

acted in "good faith," thus entitling her to qualified immunity.

      Accordingly, defendants should be precluded from advancing their qualified immunity-

based affirmative defense at trial.

Dated:  New York, New York
        October 11, 2022

                              Yours, etc.
                              Sivin, Miller & Roche, LLP

                           By *Edward Sivin*
                              Edward Sivin
                              Attorneys for Plaintiff
                              20 Vesey St., Suite 1400
                              New York, NY  10007
                              (212) 349-0300