UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CRUSHAUN HUNDLEY,
                         Plaintiff,                        20-CV-6150 (CJS)(MWP)

vs

                                                                   DECISION and ORDER

A. FRUNZI, Correction Officer, et al.,

                       Defendants.
_____

INTRODUCTION

      Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action pursuant to 42 U.S.C. § 1983, alleging that the defendant corrections officers subjected him to excessive force and retaliation. Following a jury trial, the jury found for Plaintiff on the retaliation claim and awarded him compensatory damages in the amount of $20,000.00, and punitive damages in the amount of $80,000.00. Defendants thereafter filed a motion for a new trial, which the Court denied. Defendants then appealed, but the U.S. Court of Appeals for the Second Circuit denied the appeal and affirmed the jury's award of damages. Now before the Court is Plaintiff's motion for attorney fees pursuant to 42 U.S.C. § 1988, ECF No. 79, which Defendants partially oppose. For the reasons explained below, the application is granted in part and denied in part.

BACKGROUND

      The reader is presumed to be familiar with the underlying facts of the case and with the papers submitted in connection with the fee application. Briefly, Plaintiff's

1

attorneys, the law firm of Sivin, Miller & Roche, LLP ("SMR"), initially sought an award for fees, utilizing the lodestar approach, in the amount of $173,654.25, and for expenses, in the amount of $6,880.13.  (As discussed below, Plaintiff later revised the fee amount upward slightly in his Reply, to account for additional time expended on the fee application).  The requested fee is for work performed by attorneys Edward Sivin ("Sivin"), Glenn Miller ("Miller"), David Roche ("Roche"), and their legal assistants Jake Ethé ("Ethé"), Katie Sinise ("Sinise"), and Stephanie Leibowitz ("Leibowitz").

The proposed hourly rate for Sivin, Miller, and Roche is $400/hour each, while the proposed rate for Ethé, Sinise, and Leibowitz is $175/hour, $100/hour, and $100/hour, respectively.  Sivin, Miller and Roche have 42 years, 39 years, and 28 years, respectively, of litigation experience.  Ethé has approximately 6.5 years of experience, while Sinise and Leibowitz each have less than two years of experience.

Time records submitted with the initial fee application detail a total of 388.05 hours expended by Sivin, Miller, and Roche, and 88.34 hours expended by Ethé, Sinise, and Leibowitz, covering pretrial and discovery, the trial, the post-trial motion, the appeal, and preparation of the fee application.  Miller and Roche also list an additional twenty hours of travel time, billed at $200/hour.

Plaintiff has submitted supporting declarations from four attorneys, one of whom is a former Acting Attorney General in Charge of the Rochester Office of the New York State Office of the Attorney General, two of whom are experienced plaintiff's civil rights attorneys, and one of whom is a former supervisor in the Office of the New York City

2

Corporation Counsel, all attesting to Plaintiff's attorneys' high degree of skill and good reputation within the field of civil rights litigation.[1]

Plaintiff generally argues that the fee application should be granted since he was the prevailing party in a difficult[2] and lengthy Section 1983 action, and since the fees and expenses being sought were necessary and reasonable in the prosecution of the lawsuit, and are commensurate with fee awards made to civil rights attorneys and legal assistants in the Western District of New York with comparable experience and expertise. More specifically, Plaintiff contends that the $400/hour rate requested by Sivin, Miller, and Roche is reasonable based not only on their experience but on fee awards made in this District in similar cases to attorneys with less experience. For example, Plaintiff contends that "in January of 2009, this Court declared reasonable a requested rate of $350 per hour to a civil rights attorney with approximately ten fewer years' experience at the time to that of Sivin and Miller, and approximately equal to that of Roche[.]"[3] Plaintiff emphasizes that while Sivin, Miller, and Roche LLP is located in Manhattan, the fee application does not seek an out-of-district rate (which, for attorneys in New York City with comparable experience could be as high as $807/hour) but, rather, is based upon past awards in this District.

---

[1] For example, former New York State Assistant Attorney General Gary Levine states that if a member of his family need counsel on a civil rights matter he "would refer them to Sivin and Miller," ECF No. 79-2 at p. 4, while civil rights attorney P. Jenny Marashi asserts that Sivin "may, in fact, be one of the most skilled and experienced attorneys currently practicing civil rights [law] in almost every single venue in NY state." ECF No. 243-2 at p. 4.

[2] Plaintiff emphasizes the "undesirable" nature of his claim, inasmuch as it was a Section 1983 prisoner claim turning largely only the credibility of a mentally-ill plaintiff with a history of making threats against corrections officers who was admittedly carrying an illegal weapon at the time of the incident.

[3] ECF No. 79-19 at p. 6.

3

Defendants partially oppose the application, arguing primarily that "this was not a complex case" and that the requested hourly rates exceed what is reasonable for the Western District. More specifically, Defendants state that they "do not dispute that each of the partners of the firm are very experienced and well-respected litigators," but contend that "since they chose to take a case in the Western District," "they should be compensated at the prevailing hourly rate of $300.00 per hour." Further, Defendants assert that the requested hourly rates for Ethé, Sinise and Leibowitz are too high, and should be reduced below $100/hour, purportedly since $100/hour is the prevailing rate in this district for paralegals and none of the SMR paralegals "have specialized legal training as a legal assistant or paralegal."

Defendants further maintain that some of the time entries are either inconsistent or too vague to enable the Court to conduct a meaningful review, such as time entries labeled "more work on motion papers, "more work on submissions," and "trial prep." Defendants have not specifically objected to Plaintiff's requests for travel or litigation expenses.

Plaintiff has submitted a reply, in which he insists that the $400/hour rate for the attorneys is reasonable, and that all the listed hours are "supported, reasonable, and not excessive." Plaintiff further indicates that Defendants are wrong to claim that he is seeking out-of-district rates, since he maintains that the requested rates are commensurate with past awards in the Western District. Indeed, Plaintiff states that if he was seeking "out-of district rates in this case, [he] would be requesting a[n attorney] rate of $650-700 per hour, which is [the] current rate in the Southern District of New York, where SMR['s offices are located], rather than the $400 per hour rate [requested] in

4

connection with this case." Plaintiff further indicates that Defendants' suggestion that this was not a complex case is belied by the record and the arguments raised in Defendants' unsuccessful post-trial motion and appeal. Plaintiff also contends that the caselaw upon which Defendants have relied to argue for a $300 prevailing hourly attorney rate in this District is not controlling here, since the attorneys in those cases had less experience than Sivin, Miller, and Roche. Plaintiff similarly maintains that Defendants' argument concerning the hourly rates for the paralegals is incorrect, since a certificate in paralegal studies or similar training is not a requirement to recover fees by persons competently performing paralegal tasks. Additionally, Plaintiff insists that the challenged time entries are not vague when considered in context. Finally, Plaintiff notes that since the original fee application was filed, Sivin and Ethé have been required to expend additional time in support of the application (1.3 hours and 9.44 hours, respectively).

The Court has carefully considered the parties' submissions.

## DISCUSSION

Plaintiff has requested an award of fees and expenses pursuant to 42 U.S.C. § 1988, and the legal principles applicable to such an application are well settled:

> Section 1988(b) of Title 42 of the United States Code permits courts to award reasonable attorney's fees and costs to the prevailing party in an action brought under 42 U.S.C. § 1983. *See Lamberty v. Conn. State Police Union*, No. 21-1275, 2022 WL 319841, at *3 (2d Cir. Feb. 3, 2022) (summary order). "Courts award attorney's fees according to the 'presumptively reasonable fee' (or 'lodestar') method, calculated as the product of the reasonable number of hours worked and a reasonable hourly rate." *Agudath Israel of Am. v. Hochul*, No. 22-38, 2023 WL 2637344, at *1 (2d Cir. Mar. 27, 2023) (summary order) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 183-84 (2d Cir. 2008), as amended (Apr. 10, 2008)).2 "[A] court must first set a reasonable hourly rate for each attorney and staff member, keeping in mind all case-specific variables." *Nnebe v.*

5

*Daus*, No. 06-CV-4991, 2022 WL 612967, at *3 (S.D.N.Y. Mar. 1, 2022). "Second, the court must determine the number of hours reasonably expended." *Id*. "Third, it must multiply the reasonable hourly rate by the number of hours reasonably expended to determine the 'presumptively reasonable fee.'" *Id*. "After this calculation is performed, a district court may, in extraordinary circumstances, adjust the presumptively reasonable fee, but only when it does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Robles v. City of N.Y.*, No. 19-CV-6581, 2021 WL 1034773, at *4 (S.D.N.Y. Feb. 26, 2021), report and recommendation adopted, 2021 WL 1177462 (S.D.N.Y. Mar. 29, 2021).

"The degree of success achieved by the plaintiff is the most critical factor in a district court's determination of what constitutes reasonable attorney's fees in a given case." *Najera v. Kurtishi*, No. 21-CV-1309, 2024 WL 180867, at *3 (S.D.N.Y. Jan. 17, 2024). Furthermore, it is well settled that "[t]he essential goal in shifting fees ... is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011); *see Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017). Thus, "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox*, 563 U.S. at 838, 131 S.Ct. 2205.

\* \* \*

"The determination of reasonable hourly rates is a factual issue committed to the court's discretion, and is typically defined as the market rate a 'reasonable, paying client would be willing to pay.'" *Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd*., No. 10-CV-1853, 2011 WL 1002439, at *6 (S.D.N.Y. Mar. 16, 2011) (quoting *Arbor Hill*, 522 F.3d at 190)), *aff'd*, 483 F. App'x 634 (2d Cir. 2012) (summary order). "In determining what rate a paying client would be willing to pay, the district court should consider, among others, the *Johnson* factors[; it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190. "The party seeking fees bears the burden of demonstrating that its counsel's rates are reasonable" by "produc[ing] evidence, in addition to the attorneys' own affidavits, that the rates are consistent with prevailing rates in the District for lawyers of comparable skill, experience and reputation." *Torres v. City of N.Y.*, No. 18-CV-3644, 2020 WL 6561599, at *4 (S.D.N.Y. June 3, 2020), report and recommendation adopted, 2020 WL 4883807 (S.D.N.Y. Aug. 20, 2020).

> "Complex cases requiring particular attorney skills and experience may command higher attorney rates." *Torres*, 2020 WL 6561599, at *4.

*Magalios v. Peralta*, No. 19-CV-6188 (CS), 2024 WL 1856303, at *1–2 (S.D.N.Y. Apr. 26, 2024) (footnote omitted).

In the instant case, the Court has considered the foregoing factors and finds, at the outset, that the SMR firm obtained excellent results for its client, in what was a difficult case to prove for the reasons enumerated by Plaintiff. Further, the Court agrees with Plaintiff that an hourly rate of $400/hour for Sivin, Miller, and Roche is reasonable in light of each of the attorney's extensive trial experience and reputation and the result they obtained for their client.

Preliminarily, on this point the Court finds no merit to Defendants' suggestion that the proposed attorney rate of $400/hour reflects rates in the Southern District. Indeed, the Court takes judicial notice of the fact that in a case appearing to present a similar degree of evidentiary difficulty,[4] *Maglios v. Peralta*, cited earlier, a Southern District of New York Judge recently awarded Sivin and Miller each $650/hour, which is below the rate of $800/hour they had requested in that case, but which is still far above the rate they are requesting here.

The Court is also unpersuaded by Defendants' assertion that $300/hour is necessarily the upper-limit attorney rate in the Western District for this type of action. On this point, the Court is aware of caselaw from this District containing language that supports Defendants' position. For example, in *Ortiz v. Stambach*, decided in February 2023, a Judge of this Court indicated that, "In the Western District of New York, the

---

[4] For example, in both cases the Plaintiff's faced significant evidentiary challenges as well as the risk that the State of New York would not indemnify the defendants.

prevailing hourly rate for an experienced attorney in a civil rights matter is typically no more than $300 per hour, while less experienced attorneys typically have rates of no more $200 per hour." *Ortiz v. Stambach*, 657 F. Supp. 3d 243, 267 (W.D.N.Y. 2023).

However, a few months after that decision, the same Judge approved an in-district rate of $350/hour for a civil rights attorney with *far* less experience than either Sivin, Miller, or Roche. *See, Meeks v. City of Rochester*, No. 6:22-CV-6163 EAW, 2023 WL 3962828, at *4 (W.D.N.Y. June 12, 2023) ("Mr. Shields himself does not possess decades of legal experience. Plaintiff's submission does not specify the exact length of time Mr. Shields has been practicing law, but it does note that he was in law school in 2011 and his law firm website identifies him as an associate attorney and 2012 law school graduate. The issues in this case were relatively straight-forward and not particularly complex, and the time and labor expended by counsel in this case with respect to the motion was not considerable. Accordingly, the Court is not persuaded that there was no in-district attorney capable of successfully handling the matter. For these reasons, the Court agrees with recent cases in this District that have awarded Mr. Shields an hourly rate of $350 per hour.") (citations to record omitted.).[5]

---

[5] In doing so, the Court in *Meeks* also cited another Western District decision, *McGaffigan v. City of Rochester*, which recognized that that hourly rates above $350 had been approved in some cases. *See, McGaffigan v. City of Rochester*, No. 21-CV-6545-FPG, 2023 WL 415098, at *5 (W.D.N.Y. Jan. 26, 2023) ("[A] top-end of $500 per hour has also been found reasonable in the Western District. *See New York v. Grand River Enters. Six Nations, Ltd.*, No. 14-CV-910, 2021 WL 4958653, at *4 (W.D.N.Y. Oct. 26, 2021)"). Indeed, as far back as 2016, another Judge of this District approved an hourly rate of $425/hour for civil-rights attorneys who, while described by the court as "highly experienced," also had less experience than Sivin, Miller or Roche. *See, Peacock v. City of Rochester*, No. 6:13-CV-6046-MAT, 2016 WL 4150445, at *7 (W.D.N.Y. Aug. 5, 2016) ("Based on the Court's survey of the caselaw, and given their particular expertise in these matters, it finds that $425 per hour is an appropriate rate for the highly experienced attorneys (Attorney Thompson from ETKS and Attorney Brustin from NSB) who litigated this case[.]"). (According to information obtained from the SuperLawyers website, at the time of Judge Telesca's decision in Peacock, attorneys Donald M. Thompson and Nick Brustin had been admitted to practice law for 29 years and 20 years, respectively). In *McGaffigan*, the Court ultimately approved an hourly rate of $350,

Additionally, a few months after that, the same Judge found that an hourly rate of between $400-500 for an experienced civil rights attorney was consistent with the prevailing market rate in the Western District. *See, P3 v. Hilton Cent. Sch. Dist.*, No. 6:21-CV-06546 EAW, 2023 WL 7326048, at *6 (W.D.N.Y. Nov. 7, 2023) ("[T]he Court is familiar with the prevailing hourly rates charged by similarly situated counsel in this legal community. *See, e.g., Capax Discovery, Inc. v. AEP RSD Investors, LLC*, Case No. 1:17-cv-00500-CCR, 2023 WL 140528, at *6 (W.D.N.Y. Jan. 10, 2023) (collecting cases and stating that "[i]n the Western District, $400-$500 per hour is generally deemed a reasonable hourly rate for experienced trial counsel"); *State of New York v. Grand River Enterprises Six Nations, Ltd.*, 14-CV-910A(F), 2021 WL 4958653, at *4 (W.D.N.Y. Oct. 26, 2021) (explaining that hourly rate of $200-$500 was reasonable depending upon attorney's level of experience); *c.f. Busrel Inc. v. Dotton*, No. 1:20-cv-01767, 2022 WL 17075707, at *3 (W.D.N.Y. Nov. 18, 2022) (explaining that "[t]he rate of $825 is not a reasonable hourly rate for attorneys in the Western District of New York and substantially exceeds the typical forum rate," and reducing hourly rate to $450, which is reasonable for experienced attorneys in this district)."); *see also, Xerox Corp. v. Conduit Glob., Inc.*, No. 21-CV-6467-EAW-MJP, 2024 WL 3548411, at *15 (W.D.N.Y. July 26, 2024) ("In the Western District, $400–$500 per hour is generally deemed a reasonable hourly rate for experienced trial counsel.") (citations omitted).

---

but also implied that it might have approved an even higher hourly rate for two of the three attorneys, based on their greater experience, but for the fact they had played only a limited role in the litigation. *See, McGaffigan*, 2023 WL 415098 at *6 ("The Court concludes that $350 per hour is reasonable for all three of Plaintiff's attorneys[.] . . . A higher rate could be justified for Attorneys Roth and Thompson because of their experience, but they played a more limited, less demanding role in this litigation—providing strategic and other advice to Attorney Shields.").

9

In the instant case, having considered the relevant factors and the caselaw cited earlier, the Court finds that the requested hourly rate of $400 is a reasonable and appropriate in-district rate for Sivin, Miller, and Roche, each of whom is a very experienced trial attorney.

The Court now considers the hourly rates for the paralegals. Plaintiff maintains that Ethé, Sinise, and Leibowitz should receive $175/hour, $100/hour, and $100/hour, respectively, and that the higher hourly rate for Ethé is "merited because [of] his ability to produce work-product on par with junior attorneys." Defendants, meanwhile, assert that those rates are too high, and should be reduced below $100/hour," purportedly "since $100/hour is the prevailing rate in this district for paralegals, and since none of the paralegals has "specialized legal training as a legal assistant or paralegal."

The Court agrees that the requested paralegal rates should be reduced, at least with regard to Ethé. In this regard, Plaintiff's requested rate for Ethé exceeds even what Ethé was recently awarded *in the Southern District*, which clearly has much higher prevailing rates than the Western District. *See, Stanbro Palou Stanbro v. Westchester Cnty. Health Care Corp.*, No. 19-CV-10857 (KMK), 2024 WL 1214560, at *5 (S.D.N.Y. Mar. 21, 2024) ("Plaintiff states that Ethé now has over five years of experience at S&M, has worked on dozens of similar cases, and has developed significant legal research skills. Considering his experience and training, the Court finds that a rate of $150 is appropriate."); *accord, Maglios v. Peralta*, 2024 WL 1856303 at *6 (awarding Ethé an hourly rate of $150); *see also*, *id*. (awarding Sinise $100/hour). Accordingly, the Court reduces Ethé's hourly rate to $140, which is more in line with the prevailing rate for experienced paralegals in this District. *See, e.g., Xerox v. Conduit Global, Inc.*, 2024 WL

3548411 at *16 (awarding in-district paralegal rate of $140/hour).  On the other hand, the Court sees no need to reduce Ethé's rate below that, or to reduce Sinise's or Leibowitz's rates below the $100/hour rate that Plaintiff has requested. On this point, Defendants assert that the prevailing rate for paralegals is $100/hour, but argue that SMR's paralegals should receive less than that, since they do not have specialized training as paralegals. However, such lack of specialized training has not prevented courts from awarding SMR's paralegals the prevailing in-district rate. See, e.g., Magalios v. Peralta, 2024 WL 1856303 at *6 ("Because Sinise has less experience [than Ethé,], the Court agrees that her rate should be lower, but not lower than the prevailing range[.]").

In sum, the Court finds that in calculating a lodestar amount, an hourly rate of $400 should be used for Sivin, Miller, and Roche, and hourly rates of $140, $100, and $100 should be used for Ethé, Sinise, and Leibowitz, respectively.

As for the number of allowable hours billed, the Court declines to reduce the hours submitted by Plaintiff.  In that regard, while Defendants maintain that "some of the time records are vague or inconsistent," the Court finds that they are neither inconsistent nor too vague to allow meaningful review.

Based upon the foregoing, including the supplemental amounts referenced in Plaintiff's Reply, the Court makes the following determination as to fees:  For Sivin, Miller, and Roche: 389.35 hours x $400/hour = $155,740.00.  For Miller and Roche travel: 20 hours x $200/hour = $4,000.00.  $ For Ethé: 84.11 hours x $140/hour =$11,775.40.  For Sinise: 10.6 hours x $100/hour = $1,060.00.  For Leibowitz: 3.07 hours x $100/hour = $307.00.  For litigation expenses: $6,880.13.  Total fees and expenses: $179,762.53.

CONCLUSION

For the reasons discussed above, Plaintiff's application for attorney fees and expenses (ECF No. 79) is granted in part and denied in part, and Plaintiff is awarded fees and expenses in the total amount of $179,762.53.

IT IS SO ORDERED.

DATED:   January 6, 2025
         Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge